**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

    **vs.**                                                                                        5:05-cr-322-005 (NAM)

**ISMAIL PIERCE (5),**

        **Defendant.**
_____

**APPEARANCES:**                                     **OF COUNSEL:**

Glenn T. Suddaby                                 John M. Katko,
United States Attorney                        Assistant United States Attorney
P.O. Box 7198
100 South Clinton Street
Syracuse, NY 13261-7198

Office of David M. Giglio                   David M. Giglio, Esq.
231 Elizabeth Street
Utica, NY 13501
*Attorney for Ismail Pierce*

**Norman A. Mordue, Chief U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### INTRODUCTION

      Presently before the Court is defendant Ismail Pierce's post-trial, *pro se*, motion "to dismiss counsel" alleging that the assistance of his trial counsel, David Giglio, was ineffective. This is defendant's third post-trial motion and it comes well over a year after the jury returned a guilty verdict against defendant in this case. The government opposes defendant's motion.

### DISCUSSION

      To determine whether substitution of defense counsel is warranted, the Court must consider: "(1) whether defendant made a timely motion requesting new counsel; (2) whether the

trial court adequately inquired into the matter; and (3) whether the conflict between the defendant and his attorney was so great that it resulted in a total lack of communication preventing an adequate defense." *United States v. John Doe No. 1*, 272 F.3d 116, 122 (2d Cir. 2001) (internal quotations omitted).  Additionally, the Second Circuit has directed that courts consider a fourth factor, "whether the defendant substantially and unjustifiably contributed to the breakdown in communication."  *Id*. at 123.

Defendant filed the instant motion to dismiss defense counsel nearly a year and a half after the jury returned a guilty verdict in this matter.  The Court held oral argument on this matter on December 8, 2008.  Defendant indicated in Court and in his written submissions that he is unsatisfied with Mr. Giglio's representation of him during the trial of this matter.  There is no indication that defendant is concerned about Mr. Giglio's representation of him for sentencing.  Indeed, all sentencing issues have been briefed fully.   Thus, there is no basis on which to find that any conflict between defendant and Mr. Giglio will prevent Mr. Giglio from representing defendant adequately at sentencing.  However, in view of defendant's allegations regarding Mr. Giglio's representation of him during trial, all of which may be raised on appeal as ineffective assistance of trial claims, Mr. Giglio's representation of defendant during the appeal of this matter may be inappropriate.  The Court nevertheless directs Mr. Giglio to file a Notice of Appeal on behalf of defendant, if requested to do so, after which, Mr. Giglio may address the issue of his continued representation of defendant in the Second Circuit.

Additionally, to the extent defendant's *pro se* submissions may be construed as motions for a judgment of acquittal or a new trial pursuant to Rules 29 and 33 of the Federal Rules of Criminal procedure, they are untimely.  Both Rules 29 and 33 of the Federal Rules of Criminal

Procedure provide that motions for a judgment of acquittal and a new trial must be made within 7 days after the verdict. Fed. R. Crim. P. 29 and 33. According to Rule 45(b), the Court may extend the time period "(A) before the originally prescribed or previously extended time expires; or (B) after the time expires if the party failed to act because of excusable neglect." A motion for a new trial grounded on newly discovered evidence may be "filed within 3 years after the verdict or finding of guilty." Rule 33(b)(1).

As stated above, defendant filed the instant motion over a year after the guilty verdict in this case. Defendant does not contend there is new evidence or excusable neglect which would render this motion timely. Moreover, many of the issues defendant has raised were addressed in the Court's two prior decisions denying defendant's motions for a judgment of acquittal and a new trial. Defendant is free to raise these matters on appeal. Accordingly, defendant's motion regarding the alleged ineffective assistance of counsel is denied.

## CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that defendant's motion to dismiss counsel is denied.

**IT IS SO ORDERED.**

Date:  January 6, 2009

Norman A. Mordue
Chief United States District Court Judge

3